**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | **ATD Corporation** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business* as names | **Accelerate Parent Corp.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | 27-2763683 |

4.  Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **12220 Herbert Wayne Court**<br>Number          Street | Number          Street |
| **Suite 150** | P.O. Box |
| **Huntersville**          **NC**   **28078-6397**<br>City                          State      Zip Code | City                          State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Mecklenburg**<br>County | Number          Street |
| | City                          State      Zip Code |

5.  Debtor's website (URL)    **https://atd-us.com**

6.  Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | ATD Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4231 (Motor Vehicle and Motor Vehicle Parts and Supplies Merchant Wholesalers)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list.

| | | | Relationship | **Affiliate** |
|---|---|---|---|---|
| Debtor | **See Rider 1** | | | |
| District | **District of Delaware** | | When | **10/04/2018** MM / DD / YYYY |
| Case number, if known | _____ | | | |

Debtor    ATD Corporation                                      Case number *(if known)* _____
      *Name*

---

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

                Number      Street

                City             State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

          Contact name _____

          Phone _____

---

| ◼ | **Statistical and administrative information** |
|---|---|

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

---

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

Debtor  ___ATD Corporation_____  Case number (if known) _____
        Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  ___10/04/2018___
             MM/ DD / YYYY

**✗** _W. Wm_____     William Williams
Signature of authorized representative of debtor     Printed name

Title  __Chief Financial Officer_____

**18. Signature of attorney**

**✗** _Laura Davis Jones_____     Date  __10/04/2018__
Signature of attorney for debtor                       MM/ DD/YYYY

Laura Davis Jones
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 North Market Street, 17th Floor
Number          Street

Wilmington                          Delaware     19899-8705
City                                State        (Courier 19801)
                                                 ZIP Code

(302) 652-4100                      ljones@pszjlaw.com
Contact phone                       Email address

2436                                Delaware
Bar number                          State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to this chapter 11 case of Debtor ATD Corporation.

| |
|---|
| ATD Corporation |
| Accelerate Holdings Corp. |
| American Tire Distributors Holdings, Inc. |
| American Tire Distributors, Inc. |
| Hercules Asia Pacific, LLC |
| Rubbr Automotive Services, LLC |
| Terry's Tire Town Holdings, Inc. |
| The Hercules Tire & Rubber Company |
| Tire Pros Francorp |

**ATD Corporation**
**Accelerate Holdings Corp.**
**American Tire Distributors Holdings, Inc.**

<u>**SECRETARY'S CERTIFICATE**</u>
October 3, 2018

The undersigned, Gail Sharps Myers, as Secretary of, respectively, ATD Corporation, Accelerate Holdings Corp., and American Tire Distributors, Inc. (collectively, the "<u>Companies</u>"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the boards of managers of the Companies (collectively, the "<u>Boards</u>"), duly adopted at a properly convened and joint meeting of the Boards on October 3, 2018, in accordance with the applicable bylaws of the Companies.

3.  Since their adoption and execution, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Boards relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

[Signature page follows]

IN WITNESS WHEREOF, I have executed this Secretary's Certificate on behalf of the Companies as of the date hereof.

**ATD Corporation**
**Accelerate Holdings Corp.**
**American Tire Distributors Holdings, Inc.**

By: _____
Name: Gail Sharps Myers
General Counsel and Secretary

### JOINT RESOLUTIONS OF THE BOARDS OF
### ATD CORPORATION, ACCELERATE HOLDINGS CORP.,
### AND AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC.

### Dated as of October 3, 2018

After due deliberation, the boards of directors of ATD Corporation, Accelerate Holdings Corp., and American Tire Distributors Holdings, Inc., each a Delaware corporation, (together, the "Boards"), now deem it advisable and in the best interest of the Companies (as defined herein) to authorize the taking of the following actions:

**WHEREAS**, the undersigned members of the Boards of ATD Corporation, Accelerate Holdings Corp., and American Tire Distributors Holdings, Inc. (together, the "Companies"), adopted the following resolutions and determined to take the following actions at a joint meeting of the Boards convened on the above-mentioned date;

**Chapter 11 Filing**

**WHEREAS**, the Boards have considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to it, and the effect of the foregoing on the Companies' business; and

**WHEREAS**, the Boards have had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Boards, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) that the Companies are authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that the Chief Executive Officer, the President, the General Counsel, the Chief Financial Officer, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of the Companies (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories are authorized, empowered and directed to execute and file on behalf of the Companies all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business.

**RESOLVED**, that it is in the best interest of the Companies, their creditors, and other parties in interest for the Companies to enter into that certain restructuring support agreement and

KE 57191168

the waivers required thereunder (the "Restructuring Support Agreement") by and among the Companies, certain of their affiliates, certain consent creditor substantially in the form presented to the Board on or in advance of the date hereof. Each of the Authorized Signatories is authorized and directed to enter on behalf of the Companies into the Restructuring Support Agreement with such changes and in such form as the Authorized Signatories as the Authorized Signatories deem appropriate.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the law firm of Pachulski, Stang, Ziehl & Jones LLP as local bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski, Stang, Ziehl & Jones LLP.

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the firm of Moelis & Company as financial advisor to, among other things, assist the Companies in evaluating their business and prospects, developing a long-term business plan, developing financial data for evaluation by the Boards, creditors, or other third parties, as requested by the Companies, evaluating the Companies' capital structure, responding to issues related to the Companies' financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Companies' assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis & Company.

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the firm of AlixPartners LLP, together with employees of its affiliates (all of which are wholly owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "AlixPartners"), as restructuring advisor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of AlixPartners.

RESOLVED, that each of the Authorized Signatories is authorized and directed to employ the firm of Kurtzman Carson Consultants, LLC ("KCC") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC.

RESOLVED, that each of the Authorized Signatories is authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories is authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection**

RESOLVED, that the Companies will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (the "ABL Lenders") party to the Amended and Restated Credit and Agreement, dated as of April 21, 2015 (as amended from time to time), by and among American Tire Distributors, Inc., National Tire Distributors Inc., American Tire Distributors Holdings, Inc., each other subsidiary of American Tire Distributors, Inc., as the borrowers, the ABL Agent, and the ABL Lenders, and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing").

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the ABL Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "Cash DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby are authorized, adopted, and approved, and each of the Authorized Signatories is authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Companies are or will be a party, including, but not

3

limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**RESOLVED**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code, are authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure such obligations.

**RESOLVED**, that each of the Authorized Signatories of the Companies is authorized and directed, and each of them acting alone is authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document;

**RESOLVED**, that each of the Authorized Signatories of the Companies is authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Order; and

**RESOLVED**, that each of the Authorized Signatories of the Companies is authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Companies' obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

4

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories is authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Boards of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Boards.

RESOLVED, that each of the Authorized Signatories is authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

5

**Fill in this information to identify the case:**

Debtor Name: ATD Corporation, *et al.*

United States Bankruptcy Court for the District of Delaware

Case Number (if known) _____

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WELLS FARGO BANK, NATIONAL ASSOCIATION 150 EAST 42ND STREET 40TH FLOOR NEW YORK, NY 10017 | ATTN: AMERICAN TIRE ADMINISTRATOR F: 917-260-1593 Raymond.DelliColli@wellsfargo.com | SENIOR SUBORDINATED NOTES | | | | $1,050,000,000 |
| 2 | CONTINENTAL TIRE NORTH AMERICA INC 1830 MACMILLAN PARK DRIVE FORT MILL, SC 29707 | ATTN: GENERAL COUNSEL T: 919-601-7891 F: 919-755-1404 matthew.futrelle@conti-na.com; rob.schroeder@conti-na.com | TRADE PAYABLE | C U | | | $123,774,782 |
| 3 | COOPER TIRE & RUBBER COMPANY 701 LIMA AVE. FINDLAY, OH 45840 | ATTN: GENERAL COUNSEL T: 419-423-1321 majames@coopertire.com; alroman@coopertire.com | TRADE PAYABLE | C U | | | $89,081,729 |
| 4 | MICHELIN NORTH AMERICA INC ONE PARKWAY SOUTH GREENVILLE, SC 29615 | ATTN: GENERAL COUNSEL T: 866-866-6605 | TRADE PAYABLE | C U | | | $59,625,293 |
| 5 | NEXEN TIRE AMERICA INC 21073 PATHFINDER RD, SUITE 100 DIAMOND BAR, CA 91765 | ATTN: GENERAL COUNSEL T: 909-923-4011 | TRADE PAYABLE | C U | | | $52,824,791 |
| 6 | TOYO TIRE USA CORP 5665 PLAZA DRIVE SUITE 300 CYPRESS, CA 90630 | ATTN: GENERAL COUNSEL T: 800-442-8696 | TRADE PAYABLE | C U | | | $39,968,175 |
| 7 | ZHONGCE RUBBER (THAILAND) CO. LTD (HTR) NO. 7/666 MOO.6 TUMBOL MABYANGPORN AMPHUR PLUAKDAENG, RAYONG 21140 THAILAND | ATTN: GENERAL COUNSEL T: +86-571-8681-5901 mackcai@zc-rubber.com | TRADE PAYABLE | C U | | | $33,308,100 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | NITTO TIRE USA INC 5665 PLAZA DRIVE SUITE 250 CYPRESS, CA 90630 | ATTN: GENERAL COUNSEL T: 888-529-8200 | TRADE PAYABLE | C U | | | $33,028,484 |
| 9 | SUMITOMO RUBBER NORTH AMERICAN INC 10 SHERIDAN DR LOCKBOX #776031 TONAWANDA, NY 14150 | ATTN: GENERAL COUNSEL T: 716-879-8200 | TRADE PAYABLE | C U | | | $26,380,236 |
| 10 | ZHILIAN TRADING LIMITED (HTR) 7A-7B NO 9 NANJING RD UNITED EDIFICE QINGDAO, SHANDONG 266555 CHINA | ATTN: GENERAL COUNSEL T: (284) 494-8184 | TRADE PAYABLE | C U | | | $26,152,183 |
| 11 | SAILUN JINYU GROUP (HONG KONG) CO LTD NO. 51 XIANGJIANG ROAD ECONOMIC & TECHNICAL DEV ZONE, HI-TECH INDUSTRIAL ZONE QINGDAO, SHANDONG 266555 CHINA | ATTN: GENERAL COUNSEL T: 400-660-8329 sljy@sailunjinyu.com | TRADE PAYABLE | C U | | | $26,026,351 |
| 12 | THE CARLSTAR GROUP LLC 725 COOL SPRINGS BLVD SUITE 500 FRANKLIN, TN 37067 | ATTN: GENERAL COUNSEL T: 615-503-0220 F: 615-503-0228 | TRADE PAYABLE | C U | | | $20,832,356 |
| 13 | THE GOODYEAR TIRE & RUBBER CO 1144 EAST MARKET ST AKRON, OH 44316 | ATTN: GENERAL COUNSEL T: 330-796-2121 F: 330-796-2222 | TRADE PAYABLE | C U | | | $16,251,155 |
| 14 | HANKOOK TIRE AMERICA CORP 1450 VALLEY RD WAYNE, NJ 07470 | ATTN: GENERAL COUNSEL T: 615-432-0700 F: 615-242-8709 | TRADE PAYABLE | C U | | | $14,437,944 |
| 15 | BRIDGESTONE / FIRESTONE INC 200 4TH AVENUE S. NASHVILLE, TN 37201 | ATTN: GENERAL COUNSEL T: 615-937-1000 F: 615-937-3621 | TRADE PAYABLE | C U | | | $12,535,712 |
| 16 | KUMHO TIRE USA INC 21359 NETWORK PL CHICAGO, IL 60673 | ATTN: GENERAL COUNSEL T: 800-445-8646 F: 815-886-7943 Sales@KumhoTireUSA.com | TRADE PAYABLE | C U | | | $11,759,887 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  PIRELLI TIRE LLC 100 PIRELLI DRIVE ROME, GA 30161 | ATTN: GENERAL COUNSEL T: 800-747-3554 F: 706-368-5832 | TRADE PAYABLE | C U | | | $9,492,694 |
| 18  ZENITH HOLDINGS LTD (HTR) RM NO J2 9/F ASIA BUILDING 390 KINDS ROAD NORTH POINT, HONG KONG CHINA | ATTN: GENERAL COUNSEL info@zenithholdingltd.com | TRADE PAYABLE | | | | $3,621,873 |
| 19  DESIGN INFINI 2535 ANSELMO DR CORONA, CA 92879 | ATTN: GENERAL COUNSEL T: 714-990-2233 F: 714-990-8678 info@designinfini.com | TRADE PAYABLE | C U | | | $2,886,786 |
| 20  QINGDAO FREE TRADE ZONE ZHILIAN TRADE CO LTD (HTR) 7B UNITED EDIFICE NO. 9 NANJING ROAD QINGDAO, SHANDONG 266555 CHINA | ATTN: GENERAL COUNSEL T: 86 532 5753018 F: 86 532 5753198 | TRADE PAYABLE | | | | $2,881,843 |
| 21  CAMSO USA INC 306 FORSYTH HALL DRIVE CHARLOTTE, NC 28273 | ATTN: GENERAL COUNSEL T: 800-258-4731 | TRADE PAYABLE | C U | | | $2,856,668 |
| 22  THE BOSTON CONSULTING GROUP INC ONE BEACON STREET BOSTON, MA 02108 | ATTN: GENERAL COUNSEL T: 617-973-1200 | TRADE PAYABLE | | | | $2,150,000 |
| 23  SUTONG CHINA TIRE RESOURCES INC 33402 HEMPSTEAD HWY STE A HOCKLEY, TX 77447 | ATTN: GENERAL COUNSEL T: 713-690-5500 F: 713-690-5501 | TRADE PAYABLE | C U | | | $1,749,840 |
| 24  MARTINS INDUSTRIES 300 WEST OLIVE AVENUE MEMPHIS, TN 38106 | ATTN: GENERAL COUNSEL T: 866-409-7225 F: 450-293-9004 info@martinsindustries.com | TRADE PAYABLE | C U | | | $1,095,918 |
| 25  ULTRA WHEEL CO 586 N GILBERT ST FULLERTON, CA 92833 | ATTN: GENERAL COUNSEL T: 714-449-7120 F: 714-525-3007 | TRADE PAYABLE | C U | | | $933,121 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | HENNESSY INDUSTRIES INC 1601 J.P. HENNESSY DRIVE REF: CUST 67217 LAVERGNE, TN 37086 | ATTN: GENERAL COUNSEL T: 800-688-6359 F: 800-688-3659 | TRADE PAYABLE | | | | $903,210 |
| 27 | MICKEY THOMPSON 4651 PROSPER DRIVE STOW, OH 44224 | ATTN: GENERAL COUNSEL T: 330-928-9092 F: 330-928-0503 CUSTOMERSERVICE@MICKE YTHOMPSONTIRES.COM | TRADE PAYABLE | C U | | | $885,805 |
| 28 | MCKINSEY & COMPANY 55 EAST 52ND STREET NEW YORK, NY 10022 | ATTN: GENERAL COUNSEL T: 212-446 7000 | TRADE PAYABLE | | | | $750,000 |
| 29 | MARRIOTT HOTEL SERVICES INC 1501 GAYLORD TRAIL GRAPEVINE, TX 76051 | ATTN: GENERAL COUNSEL T: 817-778-1000 F: 817-778-2049; 817-778-3098 | TRADE PAYABLE | | | | $577,324 |
| 30 | C.H. ROBINSON INTERNATIONAL INC 14701 CHARLSON ROAD EDEN PRAIRIE, MN 55347 | ATTN: GENERAL COUNSEL T: 800-323-7587 solutions@chrobinson.com | TRADE PAYABLE | | | | $408,347 |

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ATD CORPORATION, | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| *Common Stock* | | |
| Hornet Purchaser, L.P. | 2000 Avenue of the Stars, 12th Floor Los Angeles, CA 90067 | 44.34171% |
| TPG Accelerate VI, LP | 301 Commerce Street, Suite 3300 Fort Worth, TX 76102 | 22.17086% |
| TPG Accelerate V, LP | 301 Commerce Street, Suite 3300 Fort Worth, TX 76102 | 22.17086% |
| TCW/Crescent Mezzanine Partners V, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.52540% |
| AlpInvest Partners Mezzanine 2007 C.V. | 299 Park Avenue, 35th Floor New York, NY 10171 | 0.48711% |
| TCW/Crescent Mezzanine Partners VC, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.23619% |
| Crescent Mezzanine Partners VI, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.20810% |
| Apollo Investment Corporation | 9 West 57th Street New York, NY 10019 | 0.19844% |
| NYLCAP Mezzanine Partners III, L.P. | 51 Madison Avenue, Suite 1600 New York, NY 10010 | 0.18831% |
| Crescent Mezzanine Partners VIC, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.17711% |
| William E. Berry | 19012 Brigadoon Place Cornelius, NC 28031 | 0.13760% |
| TCW/Crescent Mezzanine Partners VB, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.13048% |
| David L. Dyckman | 18210 Harbor Light Blvd. Cornelius, NC 28031 | 0.12190% |
| J. Michael Gaither | 1158 S Kings Dr. Charlotte, NC 28201 | 0.12010% |
| Daniel K. Brown | 18221 Capstan Rd. Cornelius, NC 28031 | 0.11643% |
| Philip E. Marrett | P.O. Box 2245 Davidson, NC 28036 | 0.11643% |
| Crescent Mezzanine Partners VIB, L.P. | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.09283% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Jason T. Yaudes | 7603 Horseshoe Creek Dr. Huntersville, NC 28078 | 0.09282% |
| James Farrell | 239 S. Beach Road Hobe Sound, FL 33455 | 0.06935% |
| James M. Micali | c/o Christa Taylor Azalea Capital LLC 55 Beattie Place, Suite 1500 Greenville, SC 29601 | 0.06362% |
| Thomas L. Dawson | 711 East Park Dr. Lincolnton, NC 28052 | 0.05714% |
| Lawrence B. Stoddard | 9201 Wildfire Rd. Lincoln, NE 68512 | 0.05296% |
| TCW Capital Trust TCW Capital Trust | 11100 Santa Monica Boulevard, Suite 2000 Los Angeles, CA 90025 | 0.04601% |
| Centerfire, LLC (Thomas B. Mangas) | 235 Brushy Ridge Rd. New Canaan, CT 06840 | 0.03534% |
| William V. Hickey | 745 Cayuga Lane Franklin Lakes, NJ 07417 | 0.03534% |
| NYLCAP Mezzanine Partners III Parallel Fund, L.P. | 51 Madison Avenue, Suite 1600 New York, NY 10010 | 0.02562% |
| NYLCAP Mezzanine Partners III-K, L.P. | 51 Madison Avenue, Suite 1600 New York, NY 10010 | 0.02458% |
| Jackman Reinvention Inc. | 110 East 25th Street New York, NY 10010 | 0.02227% |
| Joe D. Brothers | 205 Bell Road Greenville, SC 29607 | 0.01943% |
| James B. Gill | 11572 Morning Spring Court Cupertino, CA 95014 | 0.01543% |
| Keith A. Calcagno | 18510 Town Harbour Rd. Cornelius, NC 28031 | 0.01500% |
| MKHK Family Holdings Inc (Mike Kustra) | 4 Winegarden Trail Dundas ON L9H7M2 Canada | 0.01487% |
| Trust FBO Michael Dolan Berry U/A | c/o William E. Berry 19012 Brigadoon Place Cornelius, NC 28031 | 0.01209% |
| Trust FBO Meredith Elaine Berry U/A | c/o William E. Berry 19012 Brigadoon Place Cornelius, NC 28031 | 0.01209% |
| James E. Williams | 2268 Bread Brook Ln. Allen, TX 75013 | 0.01118% |
| Thomas I. Morgan & Dianne Henderson Morgan | 129 Muirfield Drive Ponte Vedra Beach, FL 32082 | 0.00711% |
| Roland S. Boyette | 4109 The Knolls Close Pittsboro, NC 27312 | 0.00354% |
| John T. Flowers | 9880 Ravenscoft Ln NW Concord, NC 28027 | 0.00354% |
| Daniel C. Seitler | 8903 Brackenhouse Lane Waxhaw, NC 28173 | 0.00354% |
| Jason D. Shannon | 8302 Adrian Court Charlotte, NC 28270 | 0.00354% |
| Ronald M. Sinclair | 122 North Longfellow Ln. Mooresville, NC 28117 | 0.00354% |

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Richard D. Anthis | 15 Court Circle San Antonio, TX 78209 | 0.00154% |
| Randal B. Arthur | 16340 New Providence Ln Charlotte, NC  28277 | 0.00154% |
| George Robert Kirkpatrick | 700 Stonecastle Place Nolensville, TN 37135 | 0.00154% |
| Jerry L. Knapp | 22415 Golfview Lane Parker, CO 28027 | 0.00154% |
| Edward N. Shelton | 2515 Bryant Street Denver, CO 80211<br><br>25 Marblehead Pl. Laguna Niguel, CA 92677 | 0.00154% |
| Anthony L. Vaden | N2537 S Como Road Lake Geneva, WI 53147-3429 | 0.00154% |
| *Restricted Common Stock* | | |
| Jason D. Shannon | 8302 Adrian Court Charlotte, NC 28270 | 0.04948% |
| Keith A. Calcagno | 18510 Town Harbour Rd. Cornelius, NC 28031 | 0.03534% |
| Ryan Marsh | 15713 Strickland Court Charlotte, NC 28277 | 0.03534% |
| George McLean | 65 Reeve Drive Markham ON L3P6C2 Canada | 0.03534% |
| Owen Schiano | 18541 Rollingdale Drive Davidson, NC 28036 | 0.03534% |
| Rebecca Sinclair | 197 San Juan Dr. Ponte Vedra Beach, FL 32082 | 0.03534% |
| William Thomas More Williams | 2134 Queens Road West Charlotte, NC 28207 | 0.03534% |
| Mark Chandler | 912 Solandra Way Tega Cay, SC 29708 | 0.02474% |
| William Hancock | 881 Whitman St. Hanson, MA 02341 | 0.02474% |
| Ronald M. Sinclair | 122 North Longfellow Ln. Mooresville, NC 28117 | 0.02474% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ATD CORPORATION, | ) | Case No. 18-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Ares (Hornet) | 44.34171% |
| TPG Accelerate VI, LP | 22.17086% |
| TPG Accelerate V, LP | 22.17086% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ATD CORPORATION, | ) | Case No. 18-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include:  ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499).  The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

---

Fill in this information to identify the case and this filing

Debtor Name      ATD Corporation

United States Bankruptcy Court for the:                    District of Delaware
                                                                    (State)

Case number (If known):

---

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

  **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration: <u>List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

      10/4/2018              ☒ _William Williams (signature)_
      MM/ DD/YYYY               Signature of individual signing on behalf of debtor

                                        William Williams
                                        Printed name

                                        Chief Financial Officer
                                        Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**