# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ATD CORPORATION, | Case No. 18-12221 (___) |
| Debtor. | |
| Tax I.D. No. 27-2763683 | |
| In re: | Chapter 11 |
| ACCELERATE HOLDINGS CORP., | Case No. 18-12226 (___) |
| Debtor. | |
| Tax I.D. No. 80-0750528 | |
| In re: | Chapter 11 |
| AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC., | Case No. 18-12222 (___) |
| Debtor. | |
| Tax I.D. No. 59-3796143 | |
| In re: | Chapter 11 |
| AMERICAN TIRE DISTRIBUTORS, INC., | Case No. 18-12223 (___) |
| Debtor. | |
| Tax I.D. No. 56-0754594 | |
| In re: | Chapter 11 |
| RUBBR AUTOMOTIVE SERVICES, LLC, | Case No. 18-12228 (___) |
| Debtor. | |
| Tax I.D. No. 81-4703334 | |

KE 55683108

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE HERCULES TIRE & RUBBER ) | Case No. 18-12224 (___) |
| COMPANY, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 06-0663365 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| TERRY'S TIRE TOWN HOLDINGS, INC., ) | Case No. 18-12225 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 27-3977464 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| TIRE PROS FRANCORP, ) | Case No. 18-12229 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 77-0191361 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| HERCULES ASIA PACIFIC, LLC, ) | Case No. 18-12227 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 45-0962499 ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[1]

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of William Williams, Chief Financial Officer of ATD Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

2

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of ATD Corporation (the parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ATD CORPORATION, *et al.*,[1] | ) ) ) | Case No. 18-12221 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

2.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than ATD Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the

Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: ATD Corporation, Case No. 18-12221 (___); Accelerate Holdings Corp., Case No. 18-12226 (___); American Tire Distributors Holdings, Inc., Case No. 18-12222 (___); American Tire Distributors, Inc., Case No. 18-12223 (___); Rubbr Automotive Services, LLC, Case No. 18-12228 (___); The Hercules Tire & Rubber Company, Case No. 18-12224 (___); Terry's Tire Town Holdings, Inc., Case No. 18-12225 (___); Tire Pros Francorp, Case No. 18-12229 (___); and Hercules Asia Pacific, LLC, Case No. 18-12227 (___). The docket in Case No. 18-12221 should be consulted for all matters affecting this case.

4. Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

### Jurisdiction and Venue

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of title 11 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

8. The Debtors are the largest distributor of replacement tires in North America based on dollar amount of wholesale sales. With their network of over 140 distribution centers and 1,400 delivery vehicles, the Debtors service a geographic region covering more than 90 percent of the replacement tire market for passenger vehicles and light trucks in the United States. In addition, the Debtors' proprietary Hercules® brand is the number one private tire brand in North America based on unit sales. The Debtors are headquartered in Huntersville, North Carolina. Non-Debtor affiliate National Tire Distributors Inc. and its subsidiaries operate on of the largest replacement tire distributors in Canada, with 23 distribution centers throughout the country. The Debtors and their non-Debtor subsidiaries generated approximately $5.2 billion in revenue in fiscal year 2017 and currently employ approximately 5,500 people in the United States and Canada. As of the date hereof (the "Petition Date"), the Debtors have approximately $2.6 billion in funded debt.

9. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates." Fed. R. Bankr. P. 1015. The nine Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (directing joint administration of chapter 11 cases); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (SCC) (Bankr. D. Del. Dec. 13, 2017) (same); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 16, 2016) (same).[1]

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

6

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

15. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the Debtors' prepetition asset-based facility; (d) the agent under the Debtors' prepetition term loan facility; (e) the indenture trustee for the Debtors' senior subordinated notes; (f) the ad hoc committee for the Debtors' senior subordinated noteholders; (g) the ad hoc committee for the Debtors' prepetition term loan facility; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the office of the attorneys general for the states in which the Debtors operate; and (k) any party that has requested notice pursuant to Bankruptcy

Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 4, 2018  
Wilmington, Delaware

/s/ Laura Davis Jones

Laura Davis Jones (DE Bar No. 2436)  
Timothy P. Cairns (DE Bar No. 4228)  
Joseph M. Mulvihill (DE Bar No. 6061)  
**PACHULSKI STANG ZIEHL & JONES LLP**  
919 North Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705 (Courier 19801)  
Telephone: (302) 652-4100  
Facsimile: (302) 652-4400  
Email: ljones@pszjlaw.com  
tcairns@pszjlaw.com  
jmulvihill@pszjlaw.com

- and -

James H.M. Sprayregen, P.C.  
Anup Sathy, P.C. (*pro hac vice* pending)  
Chad J. Husnick, P.C. (*pro hac vice* pending)  
Spencer Winters (*pro hac vice* pending)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  
Email: james.sprayregen@kirkland.com  
anup.sathy@kirkland.com  
chad.husnick@kirkland.com  
spencer.winters@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*