

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ATD CORPORATION, | Case No. 18-12221 (KJC) |
| Debtor. | |
| Tax I.D. No. 27-2763683 | |
| In re: | Chapter 11 |
| ACCELERATE HOLDINGS CORP., | Case No. 18-12226 (KJC) |
| Debtor. | |
| Tax I.D. No. 80-0750528 | |
| In re: | Chapter 11 |
| AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC., | Case No. 18-12222 (KJC) |
| Debtor. | |
| Tax I.D. No. 59-3796143 | |
| In re: | Chapter 11 |
| AMERICAN TIRE DISTRIBUTORS, INC., | Case No. 18-12223 (KJC) |
| Debtor. | |
| Tax I.D. No. 56-0754594 | |
| In re: | Chapter 11 |
| RUBBR AUTOMOTIVE SERVICES, LLC, | Case No. 18-12228 (KJC) |
| Debtor. | |
| Tax I.D. No. 81-4703334 | |

573085142

| | |
|---|---|
| In re: | ) Chapter 11 |
| THE HERCULES TIRE & RUBBER COMPANY, | ) Case No. 18-12224 (KJC) |
| Debtor. | ) |
| Tax I.D. No. 06-0663365 | ) |
| In re: | ) Chapter 11 |
| TERRY'S TIRE TOWN HOLDINGS, INC., | ) Case No. 18-12225 (KJC) |
| Debtor. | ) |
| Tax I.D. No. 27-3977464 | ) |
| In re: | ) Chapter 11 |
| TIRE PROS FRANCORP, | ) Case No. 18-12229 (KJC) |
| Debtor. | ) |
| Tax I.D. No. 77-0191361 | ) |
| In re: | ) Chapter 11 |
| HERCULES ASIA PACIFIC, LLC, | ) Case No. 18-12227 (KJC) |
| Debtor. | ) |
| Tax I.D. No. 45-0962499 | ) **Re: Docket No. 3** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-12221 (KJC).

3. The caption of the jointly administered cases should read as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ATD CORPORATION, et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 18-12221 (KJC)<br>)<br>) (Jointly Administered)<br>) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than ATD Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: ATD Corporation, Case No. 18-12221 (KJC); Accelerate Holdings Corp., Case No. 18-12226 (KJC); American Tire Distributors Holdings, Inc., Case No. 18-12222 (KJC); American Tire Distributors, Inc., Case No. 18-12223 (KJC); Rubbr Automotive Services, LLC, Case No. 18-12228 (KJC); The Hercules Tire & Rubber Company, Case No. 18-12224 (KJC); Terry's Tire Town Holdings, Inc., Case No. 18-12225 (KJC); Tire Pros Francorp, Case No. 18-12229 (KJC); and Hercules Asia Pacific, LLC, Case No. 18-12227 (KJC). The docket in Case No. 18-12221 should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Oct 5, 2018
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge