

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ATD CORPORATION, *et al.*,[1] | ) Case No. 18-12221 (KJC) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No. 5** |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") for authority to employ and retain Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent in the Debtors' chapter 11 cases (the "Claims and Noticing Agent") effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

KE 57308533

the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth herein.

2. The Debtors are authorized, pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(f), to retain KCC, and KCC is appointed as the Claims and Noticing Agent, *nunc pro tunc* to the Petition Date, under the terms and conditions of the Services Agreement, attached hereto as **Exhibit 1**. Notwithstanding any terms of the Services Agreement, the Application is approved solely as set forth in this Order.

3. KCC, as the Claims and Noticing Agent, is directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these cases (if any), and all related tasks, all as described in the Application (collectively, the "Claims and Noticing Services").

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. KCC is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim (if necessary).

6. KCC is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate KCC for the Claims and Noticing Services in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek this Court's approval for the compensation of its services and reimbursement of its expenses.

8. KCC shall maintain records of all services performed, showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel to the Debtors, counsel to any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of such matter from this Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the Debtors' estates.

11. Without further order of this Court, the Debtors are authorized to compensate and reimburse KCC in accordance with the terms and conditions of the Services Agreement upon KCC's submission to the Debtors of invoices summarizing, in reasonable detail, the services rendered and the reasonable and necessary expenses incurred in connection therewith and without the necessity for KCC to file an application for compensation or reimbursement with this Court.

12. KCC seeks to first apply its retainer to all prepetition invoices and, thereafter, to have the retainer replenished to the original retainer amount and, thereafter, to hold the retainer under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement.

13. The Debtors shall indemnify KCC under the terms of the Services Agreement, as modified pursuant to this Order.

14. KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the Claims and Noticing Services, as provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore is approved by this Court.

15. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any losses, claims, damages, judgments, liabilities or expense that are either: (a) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations, if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co.*

*v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under subsection (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

16. Before the earlier of: (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal); and (b) the entry of an order closing these chapter 11 cases, should KCC believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, KCC must file an application in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving such application and the payment requested therein. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement.

17. In the event KCC is unable to provide the Claims and Noticing Services, KCC will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code or any applicable law, for work that is to be performed by KCC but is not specifically authorized by this Order.

19. Notwithstanding any term in the Services Agreement to the contrary, during the chapter 11 cases, KCC's liability will not be limited to the amount paid or billed to the Debtors.

20. KCC shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of this Court.

21. The Debtors and KCC are authorized to take all steps necessary or appropriate to carry out this Order.

22. In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

23. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24. Notwithstanding any term in the Services Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Oct 5, 2018
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge