IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ATD CORPORATION, et al.,[1] | ) Case No. 18-12221 (KJC) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket Nos. 6, 98, 221 |

**FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION
AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to remit and pay undisputed prepetition Taxes and Fees in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) pay or remit the Taxes and Fees that accrued prior to the Petition Date and that will become payable in the ordinary course during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable and (b) pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices; *provided, however*, that the authority of the Debtors to make any payments under this Final Order is subject to the terms and conditions of the DIP Credit Agreement (as defined in the First Day Declaration) and the interim and final orders of this Court approving the financing provided thereunder, including, without limitation, that such payments must comply with the DIP Budget under, and as defined in, the DIP Credit Agreement.

3. Subject to the terms of the Cash Management Order (as defined in the First Day Declaration), the banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

4. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable claim.

5. Subject to the terms of the Cash Management Order, the Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to any order authorizing use of cash collateral.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: Oct 24, 2018
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge