IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ATD CORPORATION, *et al.*,[1] | ) Case No. 18-12221 (KJC) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 14, 103, 226 |

**FINAL ORDER (I) AUTHORIZING
DEBTORS TO PAY PREPETITION CLAIMS
OF CERTAIN FOREIGN VENDORS, LIEN CLAIMANTS,
AND 503(B)(9) CLAIMANTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtors to pay undisputed prepetition 503(b)(9) Claims, Foreign Vendor Claims, and Lien Claimants, (b) authorizing financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of prepetition claims of certain 503(b)(9) Claimants, Foreign Vendors, and Lien Claimants, all as more fully set forth in the Motion; and upon the First Day Declaration and Vendor Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having the power to enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay or honor undisputed prepetition claims of certain 503(b)(9) Claimants, Foreign Vendors, and Lien Claimants; *provided* that the Debtors shall only be authorized to pay 503(b)(9) Claims up to a maximum aggregate cap of $233.0 million, Foreign Vendor Claims up to a maximum aggregate cap of $70.7 million, and Lien Claims up to a maximum aggregate cap of $68.6 million.

3. From and after the date of this Final Order and through the conclusion of these cases, the Debtors shall provide on a a matrix, on a weekly basis, to counsel to the Required Consenting Noteholders, counsel to the DIP Agent (as defined in the Interim Order), counsel to the Term Lender Committee (as defined in the Interim Order), and the professionals retained by the Official Committee of Unsecured Creditors (the "Committee") and, collectively with counsel to the Required Consenting Noteholders, DIP Agent, and Term Loan Lender Committee, the "Notice Parties") with (a) a list of any 503(b)(9) Claim, Foreign Vendor Claim, and Lien Claim

paid in conjunction with this Final Order, one week in arrears, (b) the claimant asserting the 503(b)(9) Claim, Foreign Vendor Claim, and Lien Claim, (c) the amount of the the 503(b)(9) Claim, Foreign Vendor Claim, and Lien Claim, (d) the basis for the 503(b)(9) Claim, Foreign Vendor Claim, and Lien Claim, and with respect to Foreign Vendor Claims, the estimated amount of such Foreign Vendor Claim that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, if any, and the amount that is a general unsecured claim; and (e) whether the 503(b)(9) Claimant, Foreign Vendor Claimant, and Lien Claimant has executed a Trade Agreement; *provided, however*, that the matrix shall be considered confidential and provided on a professionals' eye only basis; *provided, further*, that solely with respect to matrix provided to counsel to the Committee, the names of the Critical Vendors shall be redacted..

4. The form of Trade Agreement, substantially in the form attached to the Motion as **Exhibit C**, is approved in its entirety. The Debtors are authorized to enter into such Trade Agreements. The Debtors shall condition payment of 503(b)(9) Claims, Foreign Vendor Claims, and Lien Claims upon the execution of a Trade Agreement.

5. Notwithstanding paragraph 4 of this Final Order, the Debtors may (a) upon consultation with the Required Consenting Noteholders and in their reasonable business judgement, negotiate, amend, or modify the form of Trade Agreement and (b) with the prior written consent of the Required Consenting Noteholders, decline to condition payment of 503(b)(9) Claims, Foreign Vendor Claims, and Lien Claims upon the execution of a Trade Agreement.

6. Except as otherwise provided in an executed Trade Agreement, if any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs

- (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place prior to March 31, 2018 (collectively, the "Customary Trade Terms"), then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; *provided*, that such party shall be afforded reasonable opportunity to contest any such request and any dispute between the Debtors and such party with respect to such payment shall be resolved by the Bankruptcy Court on an expedited basis; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding
- postpetition balance and such supplier or vendor will he required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7. Subject to paragraph 6 of this Final Order, any 503(b)(9) Claimant, Foreign Vendor, or Lien Claimant that accepts payment from the Debtors on account of all or a portion of a 503(b)(9) Claim, Foreign Vendor Claim, or Lien Claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, 503(b)(9) Claims, Foreign Vendor Claims, or Lien Claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, and except as provided in an executed Trade Agreement, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against

a Debtor entity; (b) a waiver of the Debtors' or any other party in interests' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors or any other party in interest expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. Subject to the terms of the Cash Management Order (as defined in the First Day Declaration), the banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

10. Subject to the terms of the Cash Management Order, the Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any prepetition claims of Foreign Vendor and Lien Claimants.

11. Notwithstanding anything to the contrary in this Final Order, the authority of the Debtors to make any payments under this Final Order is subject to the terms and conditions of the DIP Credit Agreement (as defined in the First Day Declaration) and the interim and final orders of this Court approving financing provided thereunder, including, without limitation, that such payments must comply with the DIP Budget under, and as defined in, the DIP Credit Agreement.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: Oct 24, 2018
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge