UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ATD Corporation, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. No. 18-12221 (KJC)<br><br>(Jointly Administered)<br><br>Re: Docket No. 297, 363 |

**ORDER DETERMINING THAT THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IS NOT REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL
INFORMATION OR PRIVILEGED INFORMATION OF THE DEBTORS**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of ATD Corporation, *et al.*, the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the Bankruptcy Code and Bankruptcy Rule 9018 determining that the Committee is not required to provide access to the Debtors' Confidential Information or Privileged Information to any creditor of the Debtors who is not a Committee Member; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and notice of the Motion and the opportunity for a hearing on the Motion being appropriate under the circumstances such that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1]   The Debtors in these cases are: ATD Corporation; Accelerate Holdings Corp.; American Tire Distributors Holdings, Inc.; American Tire Distributors, Inc.; Rubbr Automotive Services, LLC; The Hercules Tire & Rubber Company; Terry's Tire Town Holdings, Inc.; Tire Pros Francorp; and Hercules Asia Pacific, LLC.

[2]   Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion.

1. The Committee Parties shall not be required, without an order of this Court or consent of the Debtors, to provide access to any Confidential Information, including, without limitation, with respect to the acts, conduct, assets, liabilities, and financial condition of the Debtors or any other matter relevant to these cases or to the formulation of a chapter 11 plan, whether provided by or on behalf of the Debtors or by any third party, to any creditor who is not a Committee Member.

2. The Committee Parties shall not be required, without an order of this Court or consent of the Debtors, to provide access to any Privileged Information concerning the Debtors to any creditor who is not a Committee Member. The Committee is authorized, but not required, to provide access to Privileged Information to creditors who are not Committee Members so long as (a) such Privileged Information is not Confidential Information; and (b) the relevant privilege is held and controlled solely by the Committee.

3. None of the Committee Parties shall have or incur any liability to any entity including the Debtors for acts taken or omitted to be taken so long as the Committee Parties have acted in compliance with the Confidentiality Agreement or any provisions of this Order; <u>provided, however</u>, that the foregoing shall not preclude or abridge the right of any creditor to move the Court for an order requiring the production of other or further information.

4. Nothing in this Order shall diminish the qualified immunity under applicable law of any Committee Party, or shall require the Committee to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3)(A) of the Bankruptcy Code.

5. The Committee and the Committee Members and their respective representatives, advisors, and counsel, shall be deemed to be in compliance with sections 1102(b)(3)(A) and 1103(c) of the Bankruptcy Code by establishing ATDCounsel@kelleydrye.com (the "E-mail Address") to allow unsecured creditors to send questions and comments to the Committee's counsel and authorizing the Committee and its counsel, in their reasonable discretion, to review and/or respond to correspondence sent to the E-mail Address. The Committee is permitted, but not required, to provide access to information to any party so long as (a) such information does not otherwise constitute Confidential Information; and (b) any privilege is held and controlled solely by the Committee.

6. Nothing in this Order expands, restricts, affirms, or denies the right or obligations, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors or the Committee to any party except as explicitly provided herein.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Nov 27, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE