IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ATD CORPORATION, *et al.*,[1] | ) Case No. 18-12221 (KJC) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 300, 365 |

**ORDER ORDER (I) AUTHORIZING (A) THE SALE OF CERTAIN
REAL PROPERTY AND (B) ASSUMPTION OF THE ASSOCIATED
PURCHASE AND SALE AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) sell the Findlay Facility for $13.79 million in cash and (ii) assume the Purchase and Sale Agreement; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Williams Sale Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, include: ATD Corporation (3683); Accelerate Holdings Corp. (0528); American Tire Distributors Holdings, Inc. (6143); American Tire Distributors, Inc. (4594); Rubbr Automotive Services, LLC (3334); The Hercules Tire & Rubber Company (3365); Terry's Tire Town Holdings, Inc. (7464); Tire Pros Francorp (1361); and Hercules Asia Pacific, LLC (2499). The location of the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## General Provisions

1.   The relief requested in the Motion is granted and approved to the extent indicated below, and the Sale contemplated thereby is approved as set forth in this Order.

2.   All objections to the Motion or the relief provided in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

## Notice of the Sale

3.   Actual written notice of the Motion, the Hearing, and the Sale and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to interested persons and entities, including: (a) the office of the U.S. Trustee for the District of Delaware; (b) counsel to the Unsecured Creditors' Committee; (c) the agent under the Debtors' prepetition asset-based facility; (d) the agent under the Debtors' prepetition term loan facility; (e) the indenture trustee for the Debtors' senior subordinated notes; (f) the ad hoc committee for the Debtors' senior subordinated noteholders; (g) the ad hoc committee for the Debtors' prepetition term loan facility; (h) the United States Attorney's Office for the District of

Delaware; (i) the Internal Revenue Service; (j) the office of the attorneys general for the states in which the Debtors operate; (k) the Purchaser; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.

4. As evidenced by the affidavit of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Hearing, and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Hearing, or the Sale is required.

### Good Faith Purchaser

5. The Purchaser is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

6. The Purchaser is purchasing the Findlay Facility in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code.

### Fair and Reasonable Price

7. The Purchase and Sale Agreement represents a fair and reasonable offer to purchase the Findlay Facility under the circumstances of these chapter 11 cases.

8. Approval of the Motion and the Purchase and Sale Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtors, their creditors, their estate, and other parties in interest.

9. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

### Section 363(f) of the Bankruptcy Code is Satisfied

10. The Debtors are authorized to sell the Findlay Facility free and clear of liens, claims, and encumbrances against the Debtors or their estate, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### Assumption of the Purchase and Sale Agreement

11. The Purchase and Sale Agreement, attached hereto as **Exhibit 1**, is hereby assumed pursuant to section 365(a) of the Bankruptcy Code. No defaults exist under the Purchase and Sale Agreement and no payments will be required to be made, nor assurance of future performance given, by the Debtors to cure any defaults under section 365(b) of the Bankruptcy Code.

12. The Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale of the Findlay Facility to the Purchaser pursuant to and in accordance with the terms and conditions of the Purchase and Sale Agreement, including payment of any agreed upon expenses in connection therewith, if any, (b) close the Sale as contemplated in the Purchase and Sale Agreement and this Order, and (c) execute and deliver, perform under, consummate, implement, and close fully the Purchase and Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase and Sale Agreement and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase and Sale Agreement and such other ancillary documents.

13. This Order shall be binding upon the Purchaser and all successors and assigns of the Purchaser, the Debtors, their estate, all creditors of and holders of equity interests in the

Debtors, and any holders of liens against or on all or any portion of the Findlay Facility. This Order and the Purchase and Sale Agreement shall inure to the benefit of the Debtors, their estate, their creditors, the Purchaser, and their respective successors and assigns.

### Transfer of the Findlay Facility

14. The transfer of the Findlay Facility shall constitute a legal, valid, binding, and effective transfer of such property and, upon the Debtors' receipt of the purchase price, shall be free and clear of liens, claims, and encumbrances. All liens, claims, and encumbrances on and against the Findlay Facility shall attach to the proceeds with the same priority that existed immediately prior to the closing. Upon the closing, the Purchaser shall take title to and possession of the Findlay Facility. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Findlay Facility shall be free and clear of liens, and all interests, liabilities, obligations, or claims including all "claims" within the meaning of section 101(5) of the Bankruptcy Code.

15. All persons and entities holding liens or interests in the Findlay Facility arising under or out of, in connection with, or in any way relating to the Debtors, the Findlay Facility, or the transfer of the Findlay Facility to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property, or the Findlay Facility, such persons' or entities' liens or interests in and to the Findlay Facility.

16. Notwithstanding any provision of the Purchase and Sale Agreement to the contrary, after the closing of the Sale, the Debtors shall have no further liability with respect to the Findlay Facility, and any claims, whether administrative or otherwise, relating to or arising from the Findlay Facility after the closing of the Sale asserted against the Debtors shall be deemed disallowed.

17. Nothing in this Order or the Purchase and Sale Agreement releases or nullifies any liability to a governmental agency under any environmental laws or regulations that any entity would be subject to as owner or operator of the Findlay Facility after the date of entry of this Order. Nothing in this Order or the Purchase and Sale Agreement bars, estops, or enjoins any governmental agency from asserting or enforcing, outside the Court, any liability described in the preceding sentence. Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Purchaser for days of violation of environmental laws and regulations prior to the entry of this Order.

18. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the liens and other encumbrances of record.

19. If any person or entity which has filed statements or other documents or agreements evidencing liens on, or interests in, the Findlay Facility shall not have delivered to the Debtors prior to the closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to the Findlay Facility, the Debtors are hereby authorized and directed, and the Purchaser is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Findlay Facility.

20. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons

and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement.

### Releases

21.     The releases contained in section 9.15 of the Purchase and Sale Agreement are approved and incorporated in this Order by reference.

### Other Provisions

22.     The Purchaser is entitled to the protection afforded by section 363(m) of the Bankruptcy Code.

23.     The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision.

24.     The Purchase and Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates or the rights of any party holding a lien, claim, or encumbrance on or against the Findlay Facility.

25.     The Debtors shall use the proceeds of the Sale to pay down outstanding obligations under the Debtors' DIP revolving credit facility, which shall not, for the avoidance of doubt, reduce outstanding commitments under such facility.

26.     All time periods set forth in this Order and the Purchase and Sale Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

27. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase and Sale Agreement, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

28. The stay provided for in Bankruptcy Rules 6004(h) is hereby reduced to the extent necessary to permit closing of the Sale on or after December 12, 2018. This Order shall otherwise be effective immediately upon its entry.

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

Dated: Nov 27, 2018
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

-8-